# Temporary Filling of Vacancies in the Office of United States Attorney

Two statutes that provide for the temporary filling of vacancies in the office of United States Attorney, 28 U.S.C. § 546 and 5 U.S.C. §§ 3345–3349d, operate independently, and either or both may be used for a particular vacancy.

September 5, 2003

MEMORANDUM OPINION FOR THE DIRECTOR
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

We are providing a set of questions and answers that address the means for temporarily filling vacancies in the office of United States Attorney. We hope that this guidance, in this form, will be of practical benefit as vacancies arise.

Q1. Is 28 U.S.C. § 546 the exclusive means for filling U.S. Attorney vacancies? Or is the Vacancies Reform Act also applicable?

A1. Both statutes are available.

Under section 546, when the office of United States Attorney becomes vacant, "the Attorney General may appoint a United States attorney for the district" in which the vacancy has occurred. 28 U.S.C. § 546(a). A United States Attorney appointed under this authority may serve until a successor is appointed by the President and has qualified or "the expiration of 120 days after appointment by the Attorney General." *Id.* § 546(c)(1), (2). When the authority under section 546 is used, the person appointed by the Attorney General or the district court is a United States Attorney and is not just acting in the position. *See United States v. Gantt*, 194 F.3d 987, 999 n.5 (9th Cir. 1999) ("Section 546(d) appointments are fully-empowered United States Attorneys, albeit with a specially limited term, not subordinates assuming the role of 'Acting' United States Attorney.")

The Vacancies Reform Act, 5 U.S.C. §§ 3345–3349d, is the general authority under which acting officials may perform the functions and duties of a vacant Senate-confirmed office.

By its terms, section 546 does not exclude the naming of an acting United States Attorney. It does not even deal with "acting" officials but with fully vested United States Attorneys, albeit ones who serve shortened terms. Conversely, the Vacancies Reform Act, which was passed after section 546, states that it is, with certain exceptions, "the exclusive means for temporarily authorizing an *acting* official to perform the functions and duties of any office of an Executive agency . . . for which appointment is required to be made by the President, by and with the advice and consent of the Senate," 5 U.S.C. § 3347(a) (emphasis added), but section 546 does not provide for *acting* United States Attorneys and is not covered by this provision on exclusivity. Thus, both section 546 and the Vacancies Reform

Act are available for temporarily filling a vacancy in the position of United States Attorney.

Q2. Under the Vacancies Reform Act (and Department of Justice regulations, *see* 28 C.F.R. § 0.137 (2003)), is the First Assistant U.S. Attorney the person that automatically, by operation of law, would become Acting U.S. Attorney under 5 U.S.C. § 3345(a)(1)?

A2. Generally yes, in the absence of a prior Attorney General appointment of a United States Attorney under 28 U.S.C. § 546 or a prior presidential designation of an acting United States Attorney under 5 U.S.C. § 3345(a)(2) or (3).

Under the Vacancies Reform Act, the President (and no one else) could designate as Acting United States Attorney an official already holding a Senate-confirmed position, 5 U.S.C. § 3345(a)(2), or an official who had served in the Department for at least 90 days of the previous 365-day period in a position for which the pay was at least the minimum level for GS-15. 5 U.S.C. § 3345(a)(3). In the absence of such a presidential designation, the "first assistant" to the office of United States Attorney would serve, *id.* § 3345(a)(1), except that a first assistant may not act if he has been first assistant for less than 90 days in the 365-day period before the vacancy *and* the President nominates him for the vacant position, *id.* § 3345(b)(1)(A). Under the Department's regulations, each "office within the Department to which appointment is required to be made by the President with the advice and consent of the Senate ('PAS office') shall have a First Assistant" under the Vacancies Reform Act, 28 C.F.R. § 0.137(b), and "[w]here there is a position of Principal Deputy to the PAS office, the Principal Deputy shall be the first assistant," *id.* Otherwise, the Attorney General names the first assistant in writing. *Id.* United States Attorneys' offices frequently have a "First Assistant United States Attorney," who is the principal deputy to the United States Attorney. Only the occupant of that position could serve as Acting United States Attorney under the "first assistant" provision in 5 U.S.C. § 3345(a)(1).

Q3. How does the 210-day Vacancies Reform Act time limit on Acting U.S. Attorneys interact with the 120-day limit on interim United States Attorneys under section 546? When do the time periods commence running?

A3. The two time limits operate independently. The Vacancies Reform Act provides a complex set of rules for the time during which an acting official may serve, 5 U.S.C. § 3346, *see Guidance on Application of Federal Vacancies Reform Act of 1998*, 23 Op. O.L.C. 60, 66–70 (1999) (Questions and Answers Nos. 22–38), but for present purposes it is sufficient to note that the basic 210-day period for service begins to run "on the date the vacancy occurs." 5 U.S.C. § 3346(a)(1). By contrast, section 546 provides that when the Attorney General appoints a United States Attorney, the United States Attorney's service continues until "the expiration of 120 days after appointment by the Attorney General under this

section." 28 U.S.C. § 546(c)(2). We previously have concluded that "[t]he 120-day time period, by the terms of the statute, unambiguously begins with the Attorney General's appointment." *Starting Date for Calculating the Term of an Interim United States Attorney*, 24 Op. O.L.C. 31, 31–32 (2000). We noted that this conclusion was also consistent with the general principles of appointment law and with the assumptions of the courts addressing section 546. *Id.* (citing *United States v. Colon-Munoz*, 192 F.3d 210, 216 (1st Cir. 1999); *In re Grand Jury Proceedings*, 673 F. Supp. 1138, 1139 (D. Mass. 1987)).

Q4. May an acting United States Attorney (acting under the Vacancies Reform Act) be replaced by a United States Attorney appointed by the Attorney General under section 546? What about an acting United States Attorney who has served for more than 120 days?

A4. A United States Attorney appointed by the Attorney General under section 546 may replace an acting United States Attorney irrespective of whether the acting United States Attorney has served for more than 120 days. As explained in A1, neither statute by its terms excludes the use of the other, and the different type of official to be chosen—an acting United States Attorney in one case, a full-fledged United States Attorney in the other—weighs against inferring any such exclusion. Furthermore, because the 120-day period under section 546 does not begin until the Attorney General makes an appointment, the two statutes can operate in sequence even when, for example, an acting United States Attorney has reached a 210-day limit and lost his power to act. Nor would anything in the statutes preclude the same person from acting as United States Attorney and then receiving an appointment under section 546.

M. EDWARD WHELAN III
*Acting Assistant Attorney General*
*Office of Legal Counsel*